37 831---
45 420

## No. 9447.

### MARIE L. LUTENBACHER VS. SIMON LOSCHER.

This being an action for nullity of a marriage on the ground of a subsisting prior marriage of one of the parties, and the evidence sustaining the charge being held sufficient, judgment is rendered for plaintiff.

A PPEAL from the Civil District Court for the Parish of Orleans. *Tissot*, J.

*Marks & Bruenn* for Plaintiff and Appellant:

1st. Where the subject matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true unless disproved by that party. 1 Greenleaf, Sec. 79; 31 Ann., 691; 13 Ann., 397; 10 Ann., 639; 1 Bishop, Marriage and Divorce, Secs. 435, 436.

2d. Every intendment of law is in favor of matrimony, thereby casting the burden of proof upon the party objecting, requiring him to rebut the presumption. *Semper præsumitur pro matrimonio.* 1 Bishop, Marriage and Divorce, Sec. 457.

3d. A presumtion, precise, weighty and consistent adduces. naturally, the unknown fact from the known fact. Such presumption is not susceptible of application to other circumstances than those which it is sought to establish. C. C., 2288; 3 Ann. 103.

4th. A certified copy of marriage contract, duly authenticated, is admissible in evidence as of the *res gestæ.* 15 Ann. 313; 1 Bishop, Marriage and Divorce, Sec. 471.

5th. Marriage is a civil contract, and as such may be proven by any evidence, not legally prohibited, where no higher species is presupposed as within the knowledge or under the control of the party averring. C. C., Art. 86; 6 Louisiana, 470; 5 Ann. 480; 30 Ann. 1388.

6th. Names of husband and wife, date of marriage and certificate, duly authenticated, is *prima facie* evidence of identity of parties thereto, sufficient to put contestants to proof of contrary. 7 Ann. 252. Such identity may also be established by circumstantial evidence. 1 Bishop, Marriage and Divorce, Sec. 479.

7th. The deliberate admission or confession of the fact of such marriage transpiring either in this or in a foreign country is competent evidence, and will be considered. 1 Bishop, Marriage and Divorce, Sec. 497, and authorities cited; 1 Greenleaf, Sec. 195; 2 Greenleaf, Sec. 461, note and authorities there cited.

*L. Brickerson* and *J. Duvigneaud* for Defendant and Appellee.

The opinion of the Court was delivered by

FENNER, J. This is an action for a decree of nullity of a marriage between plaintiff and defendant on the ground of a subsisting prior marriage of the latter. The evidence is to the following effect:

The parties to this suit were married in this city in January, 1884. In March following a letter addressed to defendant was received and opened by plaintiff, which came from France, was signed Virginia Loscher, and in which the signer addressed him as her husband. Upon being taxed with this he denied the former marriage, took away the letter and burned it. Subsequently, on further inquiry instituted in France, a cablegram was received confirming his former marriage. At this moment he was in prison upon some criminal charge. On receipt of the cablegram the brother-in-law of plaintiff visited him in prison, and he then fully confessed his crime and asked the visitor to do him the last favor of procuring him some poison in order that he might end a ruined life.

On the trial duly authenticated certificates of both marriages were produced, in each of which he was described as born in Austria and as being the legitimate son of Ignace Loscher and Anna Guggenbichler.

The priest who celebrated the marriage here testified that the above particulars of his nativity and parentage were obtained from defendant himself, who at first objected to giving them, and only did so upon the priest's insisting that it was necessary.

There was also produced the official certificate of the mayor of Besançon, France, duly authenticated, attesting that the first wife was still living.

Against this strong array of evidence the defendant, who was present at the trial, offered no opposing testimony.

The judge *a quo* rendered a judgment of non-suit.

The respect which we entertain for his opinion causes us to regret the absence from the record of any statement of the grounds on which he based his judgment, and the failure of defendant to furnish us with any oral or written argument leaves us in darkness on the subject.

The intrinsic force of the evidence above set forth, strengthened by the powerful presumption resulting from the failure of defendant to offer any countervailing testimony, negativing or explaining the facts adduced, certainly suffices to establish, beyond reasonable doubt, the truth of plaintiff's allegations. In absence of any suggestion of connivance, which, indeed, could hardly exist in such a case, and is moreover conclusively rebutted by the record, we are convinced that plaintiff is justly entitled to the relief for which she prays.

It is therefore ordered, adjudged and decreed that the judgment appealed from be avoided and reversed; and it is now ordered and decreed that there be judgment in favor of plaintiff and against defendant, decreeing the nullity of the marriage entered into between said parties in the city of New Orleans on January 12th, 1884, and the release of plaintiff from all legal obligations arising thereunder, defendant to pay costs in both courts.